

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN 11, TEXAS

Gerald C. Mann

ATTORNEY GENERAL

Honorable Joe Kunschik, Commissioner
Bureau of Labor Statistics
Austin, Texas

Dear Sir:

Opinion No. O-3190
Re: Whether beer tavern in
rural district is "mer-
cantile establishment"
within Art. 1571 of the
Penal Code.

This will be in reference to the request contained
in your letter of February 19, 1941, for the opinion of this
department upon the following matter:

"Reference is made to Article 1569, as amended,
Texas Penal Code, which provides, in part, that 'no
female shall be employed ....... in any roadside
drink and/or food vending establishment for more than
nine hours in any one calendar day nor more than fifty-
four hours in any one calendar week.'

"In connection with your opinion No. O-1723, dated
December 1, 1939, and with particular reference to a
beer tavern which is located outside of the city limits:

"Does Article 1571 of the Penal Code, when it pro-
vides that Articles 1569 and 1570 of the Penal Code
shall not apply to 'mercantile establishments,' exclude
from the provisions of Articles 1569 and 1570, supra,
such establishments commonly known as 'beer taverns'
whose main business is the sale of beer, and, which
beer taverns at the same time engage in the sale of
such additional commodities as chewing gum, cigars
and cigarettes, but which said additional commodities
are incidental to the main business of selling beer.

"Your opinion on this question will be appreciated, in
order that we may determine what procedure, if any, to take
on a matter that is now pending before this Department."

Articles 1569 and 1571 of the Penal Code, as amended,
read:

"Art. 1569.

"No female shall be employed:

"1. In any factory, mine, mill, workshop, mechan-
ical or mercantile establishment, hotel, restaurant,

rooming house, theater, moving picture show, barber shop, beauty shop, road side drink and/or food vending establishment, telegraph, telephone or other office, express or transportation company, or any State institution, or any other establishment, institution or enterprise where females are employed, for more than nine (9) hours in any one(1) calendar day nor more than fifty-four (54) hours in any one (1) calendar week.

"2. In any laundry or cleaning and pressing establishment for more than fifty-four (54) hours in one (1) calendar week; the hours of work to be so arranged as to permit the employment of such female at any time so that she shall not work more than a maximum of eleven (11) hours during the twenty-four (24) hour period of one (1) day. (Underscoring ours)

"3. In any factory engaged in the manufacture of cotton, woolen or worsted goods or articles of merchandise manufactured out of cotton goods, for more than ten (10) hours in any one (1) calendar day nor more than sixty (60) hours in anyone calendar week."

"Art. 1571. The two preceding Articles shall not apply to stenographers and pharmacists, nor to mercantile establishments or telegraph or telephone companies in rural districts and in cities or towns or villages of less than three thousand inhabitants, as shown by the preceding Federal census, nor to superintendents, matrons, nurses and attendants employed by, in, and about such Orphans' Homes as are charitable institutions, not run for profit, and not operated by the State. In cases of extraordinary emergencies, such as great public calamities or where it becomes necessary for the protection of human life or property, longer hours may be worked." (Underscoring ours)

Note that certain classes of businesses are specified in Article 1569. Among these are mercantile establishments, restaurants, etc. In 1933 by amendment (Acts 1933, 43rd Legislature, page 285, Ch. 114) the Legislature added two other classes of business which we have underscored; viz., beauty shops and road-side drink and/or food vending establishments. Article 1571 exempts certain classes of businesses situated in rural districts and in cities, towns and villages of less than three thousand inhabitants from the provisions of Article 1569. Among these classes of businesses so exempted are mercantile establishments and telephone and telegraph companies.

Commenting on these classes of businesses referred to in Articles 1569 and 1571 our Court of Criminal Appeals said in Glanges v. State (Ct. Cr. App. 1920) 220 S.W. 95:

"Restaurants, from the terms of the statute, are in a separate class from mercantile establishments, and are not included in the clause in the statute which exempts from its operation mercantile establishments in towns in which the population is 3,000 or less. Ex parte Brown, 21 S.D. 515, 114 N.W. 303."

In Opinion No. O-1723 you were advised that Articles 1569 and 1570 apply to all sections of the State whether rural districts, cities, towns or villages, regardless of the population of such subdivision unless they come within the exemption contained in Article 1571.

It is at once apparent that the Legislature has singled out "road side drink and/or food vending establishments" as something different and apart from those businesses falling within the ordinary definition of a "mercantile establishment." Only the latter is exempted.

Consequently, we are not prepared to say that a beer tavern located outside of the city limits comes within the exemption for "mercantile establishments" in Article 1571.

You do not describe the business in question other than as a tavern engaged mainly in the sale of beer and as an incident to this business selling such commodities as chewing gum, cigars and cigarettes. While we do not undertake to advise what business might fall within the term "road side drink and/or food vending establishment" you are advised that if the business in question engages mainly in the sale of beer, and is located along a public road it falls squarely within the class of businesses enumerated in Article 1569 and is not exempted by Article 1571.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By /s/ James D. Smullen
James D. Smullen
Assistant

JBS:js:jrb

APPROVED MAR. 10, 1941
/s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

APPROVED OPINION COMMITTEE
BY BWB, Chairman